FILED'09 JAN 09 10:46USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Respondent,

v.

VACHIRAPORN VIVORAKIT,

Petitioner.

Crim. No. 05-114-03-HA
Civ. No. 07-70027-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

Petitioner Vachiraporn Vivorakit filed a *pro se* Petition for Writ of Habeas Corpus [144], asking the court to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Counsel was appointed to represent petitioner. Petitioner subsequently filed a supplemental brief in support of her petition, which this court has also considered.

**BACKGROUND**

In September of 2004, petitioner and co-defendant Chad Welty arranged to send three packages containing pseudoephedrine from Thailand to three individuals in the United States.

Petitioner traveled to Thailand, her native country, and arranged for the shipments.

The first of the three packages – a hollowed out DVD player containing two packages of pseudoephedrine – was intercepted by United States customs agents. The intended recipient of this first package – John McQuillan – assisted agents in arranging a controlled delivery of the package to petitioner. Government agents videotaped the meeting at which petitioner collected the package from McQuillan.

That same day, agents executed a search warrant on a residence shared by petitioner and co-defendants Welty and David Rose. The court notes that petitioner claims that this was not her residence. Pet. at 5. Petitioner argues that she "occasionally stayed there, and had a few clothes there, but was only a visitor from time to time." *Id.*

Agents found eleven firearms at this residence. They also found evidence of conspiracy to manufacture methamphetamine, including two digital scales, methylsulfonylmethane used to cut methamphetamine, lye, starting fluid, gas masks and canisters.

Customs agents subsequently intercepted the other packages that petitioner sent from Thailand.

On March 17, 2005, petitioner and co-defendants were arraigned on a five-count indictment. Petitioner was charged with Conspiracy to Import a Listed Chemical and Possession of a Listed Chemical.

On November 7, 2005, petitioner pled guilty to Count 1 of the indictment, Conspiracy to Import a Listed Chemical.

On August 11, 2006, this court held a sentencing hearing and applied a firearms enhancement to petitioner's sentence. Petitioner was sentenced to seventy-eight months'

imprisonment.

**DISCUSSION**

The Petition for Writ of Habeas Corpus asserts several grounds for overturning petitioner's sentence. Petitioner argues that: (1) her plea agreement was defective and (2) she received ineffective assistance of counsel.

**1. Petitioner's Plea Agreement**

Petitioner waived her right to collaterally attack the sentence when she signed the plea agreement. The plea agreement explicitly provided that: "[Petitioner] also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Gov't Resp., Ex. 3 at 3. If the waiver is knowing and voluntary, "inquiry into the waiver's validity is at an end; the valid waiver bars [petitioner's] underlying challenges to [her] conviction and sentence and [the court] must dismiss the appeal." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000). Here, the court asked petitioner at the November 7, 2005, hearing whether she understood that she was giving up any right to appeal her conviction or her sentence, as well as any challenge to the length of her sentence, along with her right to file a habeas corpus proceeding. Gov't Resp., Ex. 2 at 5-6. Petitioner indicated that she understood that she was giving up these rights. Accordingly, petitioner's claim that her plea agreement was defective is barred by this waiver.

Were the court to consider the merits of petitioner's claim, the court would conclude that petitioner's plea agreement is valid. Petitioner asserts that she was "not informed of the full consequence" of her plea, including deportation at the end of her sentence. Pet. at 5. Petitioner's

plea colloquy, however, demonstrates that the court fully explained the consequences of her plea. The court informed petitioner that she would be subject "to a deportation hearing following the serving of any sentence the Court imposes, and at that time [] most probably will be deported back to your country of origin." Gov't Resp., Ex. 2 at 5.

Petitioner refers to her ineligibility for receiving "sentence reduction associated with completion of the drug rehabilitation program." Pet. at 5. The Ninth Circuit has held that the denial of such benefits to deportable aliens does not violate the Constitution, because this exclusion is "rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." *McLean v. Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999). Although petitioner was not warned at her plea colloquy that she would be ineligible for a sentence reduction associated with completion of the drug rehabilitation program, no authority requiring such a warning has been presented. This court concludes that petitioner was given sufficient warnings about the consequences of her plea.

**2. Ineffective Assistance of Counsel**

Petitioner also asserts a claim for ineffective assistance of counsel, a claim that is not barred by petitioner's plea agreement. Petitioner contends that her attorney failed to: (1) investigate mitigating factors and bring them to the court's attention; and (2) effectively argue that a firearms enhancement should not be applied to her sentence.

To prevail on a claim of ineffective assistance of counsel, petitioner must show that: (1) his or her "counsel's representation fell below an objective standard of reasonableness" and (2) the deficiencies in counsel's performance were prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-692 (1984). Failure to make the required showing on either prong "defeats the

ineffectiveness claim." *Id.* at 700.

To establish the first prong of the *Strickland* test, petitioner must demonstrate that counsel performed outside the "wide range of professionally competent assistance" and that counsel "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Strickland*, 466 U.S. at 690; *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). And a petitioner "must overcome a strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690).

To establish the second prong of the *Strickland* test, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner contends that this court's denial of her attorney's request for funds to investigate mitigating factors prevented her from collecting evidence regarding her abusive childhood, adulthood, and the lack of significant guidance in her life. Petitioner asserts that her attorney should have appealed the court's denial of the request for funds in order to permit additional investigation.

Assuming *arguendo* that petitioner could satisfy the first prong of the *Strickland* test, petitioner cannot demonstrate that counsel's errors were prejudicial. "[T]he Supreme Court has held that a court is not required to address both components of the *Strickland* test in deciding an

ineffective assistance of counsel claim 'if the defendant makes an insufficient showing on one.'" *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (quoting *Strickland*, 466 U.S. at 697). Here, petitioner's description of her childhood, adulthood, and lack of guidance was submitted to the court together with her sentencing memorandum. Gov't Resp., Ex. 5 at 7-10. At the plea proceeding, this court acknowledged that it had read petitioner's "well-written" description of her life. Gov't Resp., Ex. 6 at 10. Petitioner points to no additional mitigating information that would have compelled additional funds for investigation or would have produced any different result at sentencing. Because petitioner has not shown that counsel's alleged error affected the outcome of the plea proceeding, the *Strickland* test is not satisfied.

Petitioner also contends that counsel provided ineffective assistance by failing to vigorously contest the firearms enhancement. As indicated above, petitioner asserts that she was only a "visitor" to the house where federal agents discovered the firearms, and that her "attorney never investigated or tried to prove it was not [her] residence." Pet. at 5. Petitioner also argues that the firearms enhancement should not have been applied because there was no nexus between petitioner's crime and the eleven firearms discovered by government agents.

Petitioner cannot satisfy the first prong of the *Strickland* test. Petitioner contends that counsel's "legal arguments were a hodge-podge of irrelevant or inaccurate facts, and as such, the argument was as ineffective as no argument at all." Reply at 7. This court disagrees. While counsel did not contest the government's assertion that petitioner resided at the home where the firearms were found, petitioner's attorney argued that the enhancement should not apply because there was no evidence that petitioner "purchased the guns, possessed the guns, cleaned the guns, fired the guns, stored the guns, loaded or unloaded the guns or in any other way [had] anything to

do with the guns." Gov't Resp., Ex. 6 at 8. Although another lawyer might have taken a different approach, the test is not "whether another lawyer, with the benefit of hindsight, would have acted differently," or "what defense counsel could have pursued." *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998); *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1998). Given petitioner's concession that she kept clothing at the residence and occasionally stayed there, counsel's decision regarding this issue does not seem outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Furthermore, counsel did argue that it was improbable the guns were connected with the conspiracy offense. In the sentencing memorandum, counsel asserted: "There is no evidence that the illegal activities of [petitioner] . . . occurred in proximity to the location at which the guns were seized. It is therefore improbable that the guns were connected with the conspiracy offense and the 2 level enhancement pursuant to [United States Sentencing Guidelines §] 2D1.1(b)(1) should not apply." Gov't Resp., Ex. 5 at p. 4. Although petitioner asserts that this argument was "perfunctory" and "that there is a more thorough argument that should have been made," her attorney provided adequate assistance by raising the issue in the sentencing memorandum. Reply at 9.

Petitioner also cannot satisfy the second prong of the *Strickland* test. Even if petitioner is correct that counsel committed unprofessional errors, the result of the proceeding would not have been different had her attorney proceeded differently.

Although petitioner contends that counsel should have contested the government's assertion that petitioner resided at the residence where the firearms were discovered, the application of the firearms enhancement under United States Sentencing Guidelines §

2D1.11(b)(1) does not require that the firearms be located in the defendant's residence. Rather, the commentary to § 2D1.11(b)(1) indicates that the adjustment is applicable as long as a weapon was present, unless it was clearly improbable that the weapon was connected with the offense. Because the firearms enhancement is applicable whether or not petitioner resided at the residence, counsel's failure to successfully dispute the residency issue is immaterial.

Petitioner also argues that she was prejudiced by counsel's failure to more thoroughly contest whether the weapons were connected with the offense. Although petitioner argues that the government cannot show a "nexus of drug trafficking activity, the firearm and the defendant," there is evidence connecting both the drug trafficking and petitioner to the residence where the firearms were found. Reply at 3. While the pseudoephedrine was not shipped directly to the residence, government agents discovered drug paraphernalia consistent with a conspiracy to import and distribute pseudoephedrine in the dwelling. Government agents discovered documents related to petitioner's Thailand trip in the residence. In addition, petitioner kept belongings in the residence and admits that she occasionally stayed there. Based on these facts, it is not clearly improbable that the firearms were connected with the charge of Conspiracy to Import a Listed Chemical. Accordingly, this court concludes that petitioner was not prejudiced by counsel's alleged failure to offer a more thorough argument as to this issue.

The court has carefully examined the record as it pertains to petitioner's claims, and determines that petitioner's claims and the allegations of ineffective assistance of counsel are insufficient to require a hearing. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). This court's review of the record, and the findings and conclusions made at sentencing, confirms that petitioner's attorney

performed within the "wide range of professionally competent assistance" and the representation at issue did not fail to meet an objective standard of reasonableness. The court's review also confirms that petitioner was not prejudiced by counsel's alleged failure to more fully investigate mitigating factors or to more vigorously contest the firearms enhancement.

**CONCLUSION**

Based on the foregoing, petitioner Vivorakit's Petition for Writ of Habeas Corpus [144] under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED this 8 day of January, 2009.

Ancer L. Haggerty
United States District Judge